Chen v. Holder

BIA
Poczter, IJ
A200 813 000

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of November, two thousand fourteen.

PRESENT:
ROBERT A. KATZMANN,
    *Chief Judge,*
RICHARD C. WESLEY
GERARD E. LYNCH,
    *Circuit Judges.*

_____

ENZHEN CHEN,
    *Petitioner,*

    v.                                          13-3214
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Edward J. Cuccia, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Andrew B.
                       Insenga, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Enzhen Chen, a native and citizen of the People's Republic of China, seeks review of a July 30, 2013, decision of the BIA affirming the April 13, 2012, decision of an Immigration Judge ("IJ") which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Enzhen Chen*, No. A200 813 000 (B.I.A. July 30, 2013), *aff'g* No. A200 813 000 (Immig. Ct. N.Y. City Apr. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inconsistencies in Chen's story regarding the sole basis of her application: a police raid on her church in China. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency regarding the alleged persecution at the basis of the claim constitutes substantial evidence).

The IJ reasonably found that Chen was not credible because her testimony was inconsistent with statements in her asylum application and the story she told at her credible fear interview. Chen's story changed at each telling. At her credible fear interview, she stated that she feared that a police officer wanted to harm her because she embarrassed him by accidentally knocking him down during a raid of her house church and that everyone laughed at him. She did not believe that anyone would harm her because of her religion. Later, at the merits hearing, Chen testified that, in March 2010, three police officers entered her house church and told her and other practitioners that their church was illegal. She testified that they all backed away from the police, but that she felt somebody push her from behind and she bumped into one of the officers, he yelled, said they were rebelling, and raised his baton. She testified that she ran away, and thirteen (of the eighteen at the meeting) similarly escaped; the others were arrested. When questioned about the inconsistencies between what she told the asylum officer in her credible fear interview and her testimony, Chen did not deny that she made those representations to the asylum officer, and could not explain

4

whether she had actually knocked the officer down or not. Instead, she testified that she was confused and could not recall. She later testified that the police officer did not fall, but almost fell. These inconsistences go to the heart of Chen's claim, and provide adequate support for the adverse credibility determination. *Xian Tuan Ye*, 446 F.3d at 295-96.

The other inconsistencies in Chen's testimony add further support for the IJ's adverse credibility determination. Even though they do not go to "the heart of the applicant's claim," as they relate to a prior attempt to gain status in the United States and Chen's father's immigration status, Chen's inconsistent testimony raises questions about Chen's intent in coming to the United States. Given the unexplained inconsistencies related to the bases of her claim, the totality of the circumstances supports the agency's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal,

5

and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk